27 P. 881 
1 Colo.App. 118
 BLAKESLEE v. DYE. 
Court of Appeals of Colorado
October 12, 1891

 
 Error
 to Otero county court; C.W. BOMGARDNER, Judge.
 
 
 James
 H. Dye sued Wilmot Blakeslee for commissions for selling
 defendant's property. Judgment for plaintiff. Defendant
 appeals. Reversed.
 
 
 James
 Hoffmire, for plaintiff in error.
 
 
 A.F.
 Thompson, for defendant in error.
 [27 P. 882.] 
 
 BISSELL,
 J.
 
 
 Dye
 brought this action against Blakeslee before a justice in
 Otero county to recover $125, which he claimed as a
 commission upon the sale of certain property belonging to
 Blakeslee. After a trial before the justice an appeal was
 taken to the county court, where the action was tried by a
 jury, which found a verdict of $50 in favor of the plaintiff,
 on which the judgment was entered whereon error is assigned.
 During the progress of the litigation in the county court the
 plaintiff, Dye, sued out a dedimus to take testimony of [1
 Colo.App. 119] one Desent in Fayette county, Iowa. Divers
 errors are insisted upon and argued by counsel in their
 briefs, but the only one important to consider is that
 predicated upon the form of the dedimus under which the
 testimony was taken. The writ appears in the record, and was
 apparently issued by the judge of the county court acting as
 his own clerk. It is without a seal or any other form of
 authentication. A motion was made prior to the trial to
 suppress the deposition because of this irregularity. The
 error is well assigned. The statute requires (Code 1887, Â§
 349) that the deposition of a witness residing out of the
 state must be taken upon a commission to be issued by the
 clerk under the seal of the court. This statute is but
 declaratory of the law as it existed prior to this enactment.
 The seal of the court was always a necessary and essential
 part of every writ issued at the common law. In no other
 manner did a court of record authenticate its process. It is
 clear under the authorities that a dedimus is a writ, and
 that it is a process requiring a seal. Freeman v. Lewis, 5
 Ired. 91; Ford v. Williams, 24 N.Y. 359; Tracy v. Snydam, 30
 Barb. 110; Churchill v. Carter, 15 Hun. 385; Byington v.
 Moore, 62 Iowa 470, 17 N.W. 644. The statutory provision is
 in harmony with the general law upon the subject. It must,
 therefore, be true that the specific requirement of the
 statute upon the subject must be observed in order to render
 the process available as an authority to an officer to take
 the testimony, and that without it the writ would be a
 nullity, and a deposition taken under it would be
 inadmissible as evidence. The motion to suppress the
 deposition should have been sustained, and for the error of
 the court in this particular the cause must be reversed and
 remanded.